IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Government Employees Insurance Co., et al., <br><br> Plaintiff, <br><br> v. <br><br> Regional Orthopedic Professional Association, et al., <br><br> Defendant. | Civil No. 17-1615(RMB/JS) <br><br> **MEMORANDUM ORDER** |

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, Geico General Insurance company, and GEICO Casualty Co. (collectively "Geico") assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 28 U.S.C. 1961 et seq., New Jersey State Insurance Fraud Prevention Act ("IFPA"), common law fraud and unjust enrichment claims ("state claims") against eight individual orthopedic surgeons, including moving Defendant Marc Kahn, M.D., as well as the orthopedic practices Regional Orthopedic Professional Association ("Regional Orthopedic"), and South Jersey Surgical Center, LLC ("South Jersey Surgical"). Geico seeks to recover

1

more than $2,000,000 that it paid in allegedly fraudulent PIP billing and treatment reports received via the mail.

In sum, Defendant Kahn moves to dismiss the Complaint based on (a) Geico's failure to exhaust administrative remedies under requisite state law; (b) the statute of limitations applicable to RICO claims; and (c) lack of standing.  For the reasons set forth herein, Defendant's Motion is denied without prejudice.

First, Defendant Kahn argues that Geico's claims should be dismissed because they failed to exhaust their administrative remedies, to wit, N.J.S.A. 2A:23-1 and N.J.A.C. 11:3-5.1, which mandate arbitration of disputed PIP claims between an insured (or his assignee) and a PIP carrier such as Geico.  Plaintiff counters that its IFPA, RICO, and other fraud-based claims are not subject to arbitration.  The Court agrees with Plaintiff.  Although state law requires that any dispute regarding the recovery of medical expense benefits under PIP be arbitrated, N.J.S.A. § 39:6A-5.1, Geico's allegations go beyond such dispute, and may be adjudicated in this Court.  See, e.g., Federal Insurance Co. v. Von Windherburg-Cordeiro, 2012 U.S. Dist. LEXIS *8-9 (D.N.J. 2012)(IFPA claims are not arbitratable); Nationwide Mutual Fire Insurance Co. v. Flouris, 395 N.J. Super. (App. Div. 2007)(same).

Defendant also contends that Plaintiff's complaint is time-barred on its face.  Defendant relies on his declaration that,

2

in essence, avers that he has not practiced orthopedic medicine for a period of more than four years from the filing of the Complaint. He retired from the practice of medicine because of a disabling injury. On December 31, 2012, he resigned from Defendant South Jersey Surgical and on January 18, 2013, he resigned from Regional Orthopedic. [Docket No. 22-d.] Although Defendant asks this Court to consider the Kahn declaration for its truth, the Court believes that this disputed issue is more appropriate for summary judgment once discovery has been completed. Geico points to evidence that Defendant Kahn did not sever his ties with the orthopedic practices, such as evidence that South Jersey Surgical listed Defendant Kahn's home as its registered office as of the date the Complaint was filed. This disputed issue is a fact-sensitive one which must await the conclusion of discovery.[1]

Finally, Defendant alleges that Geico lacks standing to assert RICO claims against him based upon alleged steering and inflated billings of patients because Geico has not alleged they suffered a loss. The Court disagrees. The Complaint alleges

---

[1] The Court hastens to note that Geico's response is a weak one, at best. If discovery shows that Defendant Kahn totally severed his ties to the Regional Orthopedic Professional Association and South Jersey Surgical Center, LLC, outside of the applicable statute of limitations, and all that remains is inadvertent oversight, it expects Geico to adhere to its Rule 11 obligations.

that Defendants' predicate acts of mail fraud were the proximate cause of Geico's injuries.  <u>See</u>, <u>e.g.</u>, Docket No. 1, ¶¶ 382-388, 409-422.  Discovery must be conducted on this point as well.

Accordingly, for the foregoing reasons, the Motion to Dismiss is DENIED without prejudice.

<u>s/Renee Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

Dated: <u>December 1, 2017</u>